IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STACY PHILISTINE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAROLYN W. COLVIN | : | NO. 15-cv-3706 |
| *SOCIAL SECURITY ADMINISTRATION* | : | |

ORDER

AND NOW, this 3rd day of May 2016, upon careful and independent consideration of the Report and Recommendation (R&R) of United States Magistrate Judge Jacob P. Hart (Doc. No. 12), Plaintiff's objections to the R&R (Doc. No. 13), Plaintiff's Brief and Statement of Issues in Support of Request for Review (Doc. No. 8), Defendant's response thereto (Doc. No. 9), Plaintiff's Reply Brief (Doc. No. 11), as well as the entire record in this matter, it is hereby ORDERED as follows:

1. Plaintiff's objections to the R&R are OVERRULED.

    We adopt the R&R by Magistrate Judge Hart ("MJ"), and write separately only to address Plaintiff's objections to the R&R. When reviewing a R&R to which a party has objected, a court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Plaintiff raises three objections to the R&R[1]; we shall address each in turn.

    First, Plaintiff objects to the MJ's determination that the ALJ did not err in evaluating opinion evidence. This objection mirrors her objections to the ALJ's decision found in her Brief and Statement of Issues in Support of Request for Review (Doc. No. 8) and her Reply (Doc. No. 11). The MJ gave full and appropriate consideration to this issue, and we agree with his analysis. As described more fully in the R&R, a review of the record shows that notes from Plaintiff's therapy, her GAF scores, her lack of voluntary or involuntary mental hospitalizations, and her daily activities all provide support for the ALJ's finding

---

[1] Plaintiff also criticizes the MJ's articulation of the standard of review. Pl.'s Objs. 1-2, Doc. No. 13. However, Plaintiff does not contend that this error affected the MJ's analysis, and the objection appears to be largely semantic.

1

that Plaintiff's limitations did not rise above a moderate level. See R&R 4-12. Thus, the ALJ's determination to accord weight to the opinion of the state agency psychological consultant, whose findings were in line with the record, was appropriate. See R&R 4-12. Further, the ALJ's determination to accord less weight to the opinions of Justine Liptock and Janice Reichert, Plaintiff's therapist and nurse practitioner respectively, whose opinions he found lacked record support, was supported by substantial evidence. See R&R 4-12. The evidence supporting this determination includes an appropriate consideration of Plaintiff's GAF scores, which are inconsistent with the questionnaires submitted by Ms. Liptock and Ms. Reichert. See R&R 10. While GAF scores have been called into question, and the score (and indeed the entire multiaxial system of diagnosis) has been removed from the fifth edition of the Diagnostic & Statistical Manual of Mental Disorders ("DSM-5"), see Am. Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders 16 (5th ed. 2013), ALJs may still consider them. Social Security Administrative Memorandum AM-13066 addressed the continuing viability of the GAF and concluded that evaluators should continue to consider GAF scores, with an awareness of their limitations. See Kroh v. Colvin, No. 13-1533, 2014 WL 4384675, at *18 (M.D. Pa. Sept. 4, 2014). Contrary to Plaintiff's objection, there was no error in the ALJ's consideration of the GAF scores here.

Second, Plaintiff objects to the MJ's finding that the RFC and VE hypothetical properly reflected Philistine's moderate limitation in concentration, persistence, or pace. Plaintiff raised a substantially identical objection in her Brief and Statement of Issues in Support of Request for Review (Doc. No. 8) and her Reply (Doc. No. 11). We agree with the MJ's review and analysis of the case law, which support a finding that the limitations in the RFC for simple, routine, and repetitive work account for Plaintiff's difficulty with concentration, persistence, and pace. See R&R 12-13; Menkes v. Astrue, 262 F. App'x 410, 412 (3d Cir. 2008) ("[P]erforming a 'simple routine task' typically involves low stress level work that does not require maintaining sustained concentration.").

Finally, Plaintiff objects on the basis that the ALJ erred by finding that Plaintiff's mental impairments did not meet or medically equal the criteria of listings 12.04 and 12.06. Specifically, Plaintiff argues that the MJ erred by arguing that Plaintiff does not have "marked difficulties in maintaining social functioning and in maintaining concentration, persistence and pace." Pl.'s Objs. 5, Doc. No. 13. In support of her argument, Plaintiff cites record evidence—specifically the questionnaires of Ms. Liptock and Ms. Reichert— which she believes are sufficient to show that listings 12.04 and 12.06 are met. Pl.'s Objs. 6. This argument invites us to impermissibly replace the ALJ's judgment with our own. We evaluate the complete record to determine whether the ALJ's decision is supported by substantial evidence. As described above, a review of the record shows that the ALJ's decision to accord less weight to Ms. Liptock and Ms. Reichert's determinations was supported by substantial evidence. We refuse to

3

      reweigh the evidence, and find that the ALJ's decision that Plaintiff failed to meet a listed impairment is supported by substantial evidence. <u>See</u> R&R 13-14.

2.     The R&R is APPROVED and ADOPTED.

3.     The decision of the Commissioner of the Social Security Administration is AFFIRMED.

4.     Plaintiff's request for review is DENIED. Judgment shall be entered in this matter in favor of Defendant. The Clerk of Court is directed to close this matter for statistical purposes.

                                                    BY THE COURT:

                                                    /s/ Legrome D. Davis

                                                    Legrome D. Davis, J.